In re Petition for DISCIPLINARY AC-TION AGAINST Jon D. RICE, a Minnesota Attorney, Registration No. 91224.

No. A11–2291.

Supreme Court of Minnesota.

May 9, 2012.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Jon D. Rice committed professional misconduct warranting public discipline, namely, entering into a business transaction with a client without full disclosures to the client, failing to advise the client to seek independent legal advice on the transaction, and failing to obtain the client's informed consent to respondent's role in the transaction, failing to provide competent and diligent representation to a client, and charging unreasonable fees, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.5, and 1.8(a)(2) and (3). Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), withdraws his previously filed answer, and admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is a public reprimand, followed by two years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Jon D. Rice is publicly reprimanded.

2. Respondent shall be subject to supervised probation with the following terms and conditions for a period of two years:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for the release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files, as described in paragraph (c) below. Respondent shall make active client files available to the Director upon request.

c. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

d. Respondent shall enter into a written retainer agreement with each client that is signed by respondent and the client and that complies with the Minnesota Rules of Professional Conduct. Respondent shall provide copies of retainer agreements to the Director or his probation supervisor upon request.

e. Respondent shall not enter into any business transaction with clients or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to a client.

f. Respondent shall abide by the Minnesota Rules of Professional Conduct.

3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT

/s/ _____

Alan C. Page
Associate Justice